SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVORY FULLER,<br><br>    Plaintiff,<br><br>    v.<br><br>FRIED FRANK HARRIS SHRIVER &<br>JACOBSON LLP,<br><br>    Defendant. | Civil Action No. 09-cv-1137 (RLW) |

# **MEMORANDUM OPINION**[1]

  This matter is before the Court on Defendant's motion for summary judgment.  Dkt.# 43.

For the reasons set forth below, the motion will be GRANTED.

  Plaintiff's complaint alleges thirteen counts:

- Count I:  Failure to Allow Leave as Required by D.C. Family and Medical Leave Act (FMLA)
- Count II:  Unlawful Interference with the Exercise of Rights under the D.C. Family and Medical Leave Act
- Count III:  Failure to Accommodate Disability in Violation of the D.C. Human Rights Act (DCHRA)
- Count IV:  Termination of Account of Disability in Violation of the D.C. Human Rights Act
- Count V:  Race Discrimination in Violation of the D.C. Human Rights Act
- Count VI:  Unlawful Discrimination by Failing to Accommodate Family Responsibilities in Violation of D.C. Code § 2-1402.11(a)(1)

---

[1]   This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

- Count VII:  Unlawful Discrimination on Account of Family Responsibilities in Violation of D.C. Code § 2-1402.11(a)(1)
- Count VIII:  Retaliation for Opposing Discrimination in Violation of the D.C. Human Rights Act
- Count IX:  Failure to Pay Hourly Wages in Violation of the D.C. Wage Payment Statute
- Count X:  Failure to Pay Overtime Wages in Violation of the D.C. Wage Payment Statute
- Count XI:  Retaliatory Discharge in Violation of the D.C. Wage Law
- Count XII:  Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act
- Count XIII:  Retaliatory Discharge in Violation of the Fair Labor Standards Act

Complaint, Dkt.# 1, Exh. 1.

In this case, the Defendant moved for summary judgment, and as required by our Local Rules, the motion was accompanied by a Statement of Undisputed Facts.  Dkt# 43-1 at 2-8.  The Local Rules set forth the requirements of the movant's statement, as well as the requirements for a statement in response by the non-movant:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, *which shall include references to the parts of the record relied on to support the statement*. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, *which shall include references to the parts of the record relied on to support the statement*. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities and proposed order as required by LCvR 7(a), (b) and (c). In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Rule 7(h)(1) of the United States District Court for the District of Columbia (emphasis added).

In compliance with the Local Rules, the Defendant's Statement of Undisputed Facts included citations to admissible evidence (including pinpoint cites to specific page or paragraph numbers) for each assertion of fact. The Plaintiff's statement, on the other hand, was woefully insufficient in a number of respects.

2

The Plaintiff, who was represented by counsel when she filed the lawsuit, but who is now proceeding *pro se*[2], filed an opposition to the summary judgment motion. Plaintiff's Opposition brief included "Responses to Defendants [sic] Statement of Undisputed Facts." Dkt# 49 at 23-26. Plaintiff's Response indicates that she does not dispute certain facts that were asserted in the Defendant's Statement. However, the Response disputes several other facts, generally citing Plaintiff's deposition transcript as support. Except for one instance, Plaintiff fails to identify which page of the transcript supports each factual assertion in her Response. Id. Approximately one month after she filed her Opposition, Plaintiff filed the 249-page transcript of her deposition with the Court. Dkt# 51. In her Opposition brief, Plaintiff also included a "Statement of Undisputed Facts," and some of the assertions in Plaintiff's Statement are not supported by citation to any evidence, while most other assertions are supported to citations to the Complaint, which is not admissible evidence. Dkt# 49 at 6-8. Significantly, the Plaintiff fails to cite to her deposition as support for any of the assertions in her "Statement of Undisputed Facts." Id.

As our Circuit Court of Appeals has explained, "a district court should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [its] own analysis and determination of what may, or may not, be a genuine issue of material fact." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151 (D.C.Cir.1996) (quoting Twist v. Meese, 854 F.2d 1421, 1425 (D.C.Cir.1988), cert. denied sub nom. Twist v. Thornburgh, 490 U.S. 1066 (1989)). Nonetheless, by filing her 249-page deposition transcript with the Court and by failing to cite specific pages in the transcript in her statement of facts, the Plaintiff expects the Court to sift through hundreds of pages and find

---

[2] Plaintiff's counsel filed a motion to withdraw because Plaintiff failed to maintain contact with and cooperate with counsel. Dkt.# 28. The prior judge assigned to this matter granted the motion. See Docket Entry on 3/8/2010.

support for her various factual assertions. The Court has considered the matter, and in an exercise of its discretion, rules that Plaintiff's "Responses to Defendants [sic] Statement of Undisputed Facts" and "Statement of Undisputed Facts" fail to comply with the Local Rules and will be stricken and therefore not considered. Accordingly, the Court will treat Defendant's Statement of Undisputed Facts as conceded.[3]

The Court believes that this action is appropriate, notwithstanding Plaintiff's status as a *pro se* litigant. Plaintiff has prosecuted her case with a considerable lack of diligence, candor and good faith. For example, Plaintiff disputes an assertion in Defendant's Statement of Undisputed Facts, even though her own deposition was the source of the assertion, and even though she cites no evidence in support of her disputation. See Dkt.# 49 at 24 (Response to Defendant's Statement of Undisputed Fact No. 5). In addition, the Plaintiff asserted in her Response that there was no personnel manual for the D.C. office during her tenure with Fried Frank. Id. (Response to Defendant's Statement of Undisputed Fact No. 2). However, Plaintiff admitted during her deposition that Fried Frank had an FMLA policy in effect during her tenure there and that she was aware of the FMLA policy and other employment policies during her tenure there. Dkt.# 51 (Tr. at 28-32, 72-73, 166).

The Court simply cannot countenance this behavior if it is to maintain control of its docket, let alone respect for the rules and the proper administration of justice. The record is replete with instances in which Plaintiff failed to cooperate with discovery, with two separate motions to compel filed against the Plaintiff, and both were granted, at least in part. Dkt# 13; Minute Order of 2/25/2010; Dkt.# 30; Minute Order of 5/3/2010. On May 11, 2010, Plaintiff

---

[3] Out of an abundance of caution, and in case this matter is ever reviewed by another court, the Court nonetheless read the entire transcript of Plaintiff's deposition. The Court did not find anything in the deposition that contradicted Defendant's Statement of Undisputed Facts.

also failed to appear for a previously scheduled post-discovery status hearing, causing the prior judge assigned to this case to issue an order to show cause. Dkt# 36. The prior judge denied a motion to dismiss the case based upon all of this history, but in doing so, the judge cautioned Plaintiff that "[she] has compiled a disturbing history of a personal lack of diligence in prosecuting her case, both before and after she became a pro se litigant" and that she was "reaching the limit of the court's tolerance for further delay by her. . . . " Dkt.# 41. At Plaintiff's deposition, she testified that she had numerous emails that were relevant and responsive to pending document requests that she had not produced, despite the fact that the case had been pending for over a year and the discovery cutoff was a few short days after her deposition. Dkt.#51 (Tr. at 44-50). Indeed, as noted above, Plaintiff's counsel withdrew from the representation because of Plaintiff's failure to cooperate and communicate with counsel. Dkt# 28. Thus, it is entirely appropriate under these circumstances to strike Plaintiff's woefully non-compliant statements in response to Defendant's motion for summary judgment.

In this case, the undisputed facts show that Plaintiff was admittedly late for work despite numerous prior formal warnings about her tardiness, and that this legitimate, non-discriminatory reason was the basis for her termination. Pursuant to the undisputed facts, Plaintiff fails to make even a prima facie showing of discrimination. Thus, none of the Plaintiff's discrimination claims have merit. While Plaintiff alleges that she was terminated in retaliation for requesting leave pursuant to the FMLA, the undisputed facts show that Plaintiff's claim is not only time-barred, but also that Plaintiff failed to request any such leave or that she was eligible for any such leave. While Plaintiff alleges that she was discriminated against because of a disability, the undisputed facts show that Plaintiff did not have a disability that fell within the protections of the DCHRA, and in addition, that Plaintiff's failure to accommodate claims are time-barred. Plaintiff also

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION.

alleges that she was not paid for overtime and that she was retaliated against because she raised payment issues, but the undisputed facts show that there is insufficient evidence to support any of the claims related to these allegations.  In sum, for the reasons stated in Defendant's motion, all of the Plaintiff's claims fail.

For the foregoing reasons, this Court will grant the defendant's motion for summary judgment.  Plaintiff's complaint is hereby dismissed with prejudice.  A separate Order accompanies this Memorandum Opinion.

SO ORDERED.
Date: February 29, 2012

                                                      Robert L. Wilkins
                                                      United States District Judge